UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

In Re:                                          Case No.:    20-81320—CRJ13
**Amanda Suellen Cottles**                      Chapter:     13
                                                Judge:       Jessup

_____

**Amanda Suellen Cottles**

    Plaintiff,

vs.                                             A.P. No:     21-80

**National Credit Adjusters, LLC,**

    Defendant.

_____/

**COMPLAINT FOR VIOLATION OF AUTOMATIC STAY**

Now Comes, Amanda Suellen Cottles "Plaintiff", Debtor in the aforementioned bankruptcy case and Plaintiff in this adversary proceeding, by and through her attorney, Joseph G. Pleva, hereby makes the following allegations in his complaint against the Defendant National Credit Adjusters "Defendant".

**INTRODUCTION**

1. This is an action for damages filed by the debtor pursuant to Section 362(a)(4), (a)(5), and (a)(6) of the Bankruptcy Code and Rules 7001 and 2106 of the Federal

Rules of Bankruptcy Procedure and for injunctive relief to prohibit future violations of the Bankruptcy Code.

2. This action is also filed to enforce and to implement provisions of the Confirmed Chapter 13 Plan and other Bankruptcy Code provisions and Rules related thereto.

**JURISDICTION AND VENUE**

3. Jurisdiction is conferred on this Court pursuant to the provisions of Sections 157 and 1334 of Title 28 of the United States Code, and Sections 362, 506, 524(i), 1306, 1322, 1328 of the Bankruptcy Code, and rules 7001 and 2016 of the Bankruptcy Court has jurisdiction to enter a final order.

4. This matter is a core proceeding and therefore the Bankruptcy Code has jurisdiction to enter a final order.

5. Venue lies in this Distict pursuant to Section 1391(b) of Title 28 of the United States Code.

**PARTIES**

6. Plaintiff is a debtor in the above referenced Chapter 13 Bankruptcy Case which was commenced on May 26, 2020. Defendant National Credit Adjusters "Defendant" is a comapny organized and existing, to the best of Plaintiff's knowedge, under the laws of the State of Kansas.

7. At all times material to this complaint, Defendants regularly and systematically conducted business in the State of Alabama, and particularly within that portion of the State of Alabama lying within this court's distict and division, and it is these business transactions that give rise to this litigation.

8. Defendant is listed as a creditor in the Schedules filed by Plaintiff in his Bankruptcy Petition. The addrress provided by Plaintiff on Schedule F of her Bankruptcy petition is a regular place of business for Defendant.

9. Plaintiff brings this action to recover the actual damages she has sustained as a result of Defendant's wilful violation of the automatic stay in this case and to recover punitive damages from Defendant for that violation.

10. This adversary proceeding arises in a case under Title 11 of the United States Code and is a core proceeding since it concerns administration of Plaintiff's banrkuptcy estate and affects the adjustment of the debtor-creditor relationship between Plaintiff and Defendant. As this is a core proceeding, this court has jurisidiction over this adversary proceeding pursuant to 28 U.S.C. Section 157(b)(2)(A), (E), and (O), and 28 U.S.C. Section 1334(b).

**FACTUAL ALLEGATIONS**

11. Plaintiff incorporates by reference the allegations in paragraphs 1-10 of this complaint.

12. In early 2018, Plaintiff was approved for and received a Reflex Mastercard. Plaintiff used said card and at the time of her Bankruptcy Filing in May 2020 owed approximately $709.59 to Reflex Mastercard.

13. Prior to filing for Bankruptcy, Plaintiff had recieved information that her obligation had been sold off to Defendant. Defendant is a company that, according to its website, "specializes in facilitating the resoluiton of delinquent account recievables".

14. On May 26, 2020, Plaintiff, unable to pay this and other obligation, filed a Petition for Bankruptcy Relief under Chapter 13 of the United States Bankruptcy Code.

15. Pursuant to Section 362(a) of the Bankruptcy Code, the commencement of Plaintiff's bankruptcy case gave rise to an automatic stay injunction which, among other things, prohibits Defendant from attempting to collect from Plaintiff any pre-petition obligation owed by Plaintiff to Defendant.

16. As part of the schedules filed along with his Petition, Plaintiff listed National Credit Adjusters as a creditor. Plaintiff listed Defendant's address as P.O. Box 4115 Concord, CL 94524.

17. The above listed address is an address Defendant and was an address on corrospondance sent from Defendant to Plaintiff prior to the filing of her Bankruptcy Petition.

18. On May 28, 2020, this Court served a copy of the Notice of Chapter 13 Bankruptcy Case on the Defendant and all other listed creditors by the Bankruptcy Court. Said notice states what rights creditors have, and what actions they are barred from taking as a result of the imposition of the Automatic Stay Injunction. The notice further states that creditors who violate the stay can be required to pay actual and punitive damages and attorney fees.

19. Despite having both notice and actual knowledge of the commencement of Plaintiff's Bankruptcy case, Defendant has repeatedly contacted debtor requesting repayment of this obligation in an effort to collect a pre-petition debt owed to Defendant by Plaintiff.

20. Specifically, Plaintiff provided to counsel a copy a letter received from Defendants on or about July 16, 2020 requesting that she make payment on her balance and offering her several discounted payment plans.

21. As a result of having been listed as a creditor in Plaintiff's bankruptcy petition, Defendant received both notice and was provided actual knowledge of both the commencement of Plaintiff's case of and all subsequent proceedings.

22. Despite the imposition of the automatic stay by the commencement of the case and despite having both notice and actual knowledge of the commencement of the case and imposition of the automatic stay, Defendant sent or caused to be sent to Plaintiff, correspondance on July 16, 2020 that was intended to be an attempt to collect from Plaintiff a pre-petition obligation owed by Plaintiff to Defendant.

23. The actions of Defendant as set forth in this complaint violate 11 USC 362(a)(6).

24. Plaintiff has sustained and continues to sustain injury and damage as a result of the Defendant's continuing violation of the automatic stay.

25. Under 11 USC §362(k)(1), Plaintiff is enttiled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against Defendant for its willful, systematic, intentional, and repeated violation(s) of the automatic stay. This Defendant elected to send text messages and make phone calls as "attempt to collect" pre-petition debts.

26. Defendant's actions evince contempt and disdain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

**WHEREFORE,** Plaintiff asks this court to enter a Judgment:

1. Awarding Plaintiff compensitory damages against Defendant including reasonable attorneys fees and costs incurred by Plaintiff in preparation and prosecurtion of this adversary proceeding;

2. Awarding Plaintiff punitive damages against Defendant for its wilful, systemic, repeated, and intentional violation of this Automatic Stay Injunction, such damages being intended to instill in Defendant and other creditors due respect for this court and its orders and to deter them from taking similar action against Plaintiff and other similarly situated debtors in the future,

3. Granting Plaintiff any additional or different relief this court deems appropriate under the circumstances.

Respectfully Submitted,

Date: January 12, 2021

**/s/ Joseph G. Pleva**
Joseph G. Pleva
Attorney for Debtor
3330 L and N Dr., Suite C
Huntsville, AL 35801
256-617-7115
plevalaw@gmail.com